THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JANNA LEE MANNING, | ) | Case No.2:15CV537 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| WAL-MART STORES, INC., | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Ms. Manning's Complaint includes claims against Wal-mart Stores, Inc. ("Walmart) for unlawful age, disability, and gender discrimination, and a claim for retaliation.  Walmart has filed this Motion to Dismiss the Complaint for Failure to State a Claim.  Ms. Manning responded to Walmart's Motion by not opposing a dismissal of her claim for age discrimination, and also not opposing a dismissal of her claim of disability discrimination as it relates to the termination of her employment.  Those two claims are, therefore, dismissed with prejudice, based on the lack of opposition.1  Ms. Manning does oppose the dismissal of her claim of discrimination on the basis of gender and her claim of retaliation.  After consideration of these claims, the Court hereby dismisses both of those claims with prejudice as well.

---

1 Ms. Manning requests that the dismissal be *without prejudice*, so that she may "amend her Complaint to cure any defects in pleading, if further investigation or discovery generates additional facts supportive of such claims." (Plaintiff's Opposition, p. 5)  The Court dismisses her claims *with prejudice*, however, because Ms. Manning first made her allegations of age and disability discrimination against Walmart to the Equal Employment Opportunity Commission ("EEOC") and Utah Antidiscrimination & Labor Division ("UALD") over three years ago, and she has since failed to identify any facts to support plausible claims that Walmart terminated her employment due to her age or alleged disability.

## II.  MOTION TO DISMISS STANDARD

A Rule 12(b)(6) motion to dismiss "tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994).  To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007).  To be plausible, a claim must be supported by more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Twombly,* 550 U.S. at 555.  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007).

While a plaintiff alleging discrimination in an employment context "is not required to set forth a prima facie case for each element of each cause of action, she is required to set forth plausible claims." *Khalik v. United Air Lines,* 671 F.3d 1188, 1193 (10th Cir. 2012).  In her opposition memorandum, Plaintiff contends only that her Complaint alleges facts sufficient to state plausible claims for relief for (1) discrimination on the basis of disability in the form of failure to afford reasonable accommodation; (2) harassment or discrimination based on gender; and (3) retaliation.  Even if assumed to be true, these facts do not state plausible claims for relief.

### III. ANALYSIS

**A. Plaintiff's Complaint Fails to Allege Sufficient Facts to Support a Plausible Claim for Disability Discrimination Related to Defendant's Alleged Failure to Provide Reasonable Accommodations.**

Ms. Manning asserts that her Complaint alleges sufficient facts to make her claim of failure to accommodate her disability factually plausible. Her prima facie allegations of disability discrimination, however, do not even mention any failure to accommodate. *See* Complaint, ¶¶ 40-47. The only allegations in the Complaint that have any relationship to Defendant's alleged failure to provide reasonable accommodations are mentioned in passing in paragraph 22 of Plaintiff's statement of facts. In this paragraph, Plaintiff alleges that: (1) she was denied the reasonable accommodation of light duty in 2008; (2) she requested a reasonable accommodation in 2009; and (3) Defendant pressured her to transfer to another store in August 2011. *See* Complaint, ¶ 22.

Even if these sparse facts were sufficient to support a plausible discrimination claim, and were not undercut by Ms. Manning's own admissions that Defendant allowed her to wear special shoes and did not actually require her to transfer to another store, they would still need to be dismissed as untimely. The "ADA requires an individual to file a timely administrative claim within 300 days of the challenged action." *Davidson v. America Online, Inc.* 337 F.3d 1179, 1183 (10th Cir. 2003) (citing 42 U.S.C. § 12117(a); § 2000e–5). "[A] claim is time-barred if it is not filed within these time limits." *Id.* Ms. Manning's administrative claim, filed on October 26, 2012, was filed more than 300 days after all of the Plaintiff's failure to provide reasonable accommodation allegations, which occurred in 2008, 2009, and August 2011, respectively. Ms. Manning's claim for disability discrimination related to Wal-Mart's alleged failure to provide reasonable accommodations is dismissed with prejudice.

### B. Ms. Manning's Complaint Fails to Allege Sufficient Facts to Support a Plausible Claim for Gender Discrimination as a Matter of Law

Ms. Manning asserts that if the Court takes as true her allegations that a male coworker made sexual gestures and comments about her legs, and continued to make them even after she told him his comments were offensive and even after she complained to Human Resources, such allegations state a plausible claim for a type of discrimination on the basis of gender actionable under Title VII. The Court disagrees.

"Title VII does not establish 'a general civility code' for the workplace. Accordingly, the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim." *Morris v. City of Colorado Springs,* 666 F.3d 654, 663-64 (10th Cir. 2012) (internal quotes and citations omitted). To constitute a valid cause of action, the "sexual conduct [must have] the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Meritor Sav. Bank, F.S.B. v. Vinson,* 477 U.S. 57, 65 (1986) (quoting 29 D.F.R. § 1604.11(a)(3)). Additionally, a "plaintiff must show that the environment was both objectively and subjectively hostile or abusive." *Morris,* 666 F.3d at 664.

Ms. Manning's allegations that a subordinate made occasional comments about her legs are simply not enough to support a plausible claim for gender discrimination under Tenth Circuit case law. Defendant cites a number of cases—which as a matter of law were found not to constitute gender discrimination or harassment—that involved conduct that is objectively more severe and offensive than the allegations included in Ms. Manning's Complaint. *See* Defendant's Reply Brief in Support of Defendant's Motion to Dismiss (Doc. #9), pp. 5-6. Ms. Manning has failed to allege sufficient facts to support a valid claim for gender discrimination or harassment as a matter of law. Plaintiff does not allege that Manny was physically threatening or

humiliating, or that his comments interfered with her work performance.  As alleged in the Complaint, Manny's conduct was not pervasive, frequent, or threatening, and Ms. Manning does not allege that it affected her job performance.  Aside from Manny's alleged comments, the Complaint does not assert any other allegations of sexual harassment or gender discrimination.  Ms. Manning's factual allegations, even when assumed to be true, do not constitute a plausible claim for gender discrimination as a matter of law.

### C.  Miss Manning's Complaint Fails to Allege Sufficient Facts to Support a Plausible Claim for Retaliation.

To establish a prima facie case of retaliation, Ms. Manning must show that "(1) [she] engaged in protected opposition to Title VII discrimination; (2) [she] suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *Fye v. Oklahoma Corp. Com'n,* 516 F.3d 1217, 1227 (10th Cir. 2008) (quoting *Meiners v. Univ. of Kan.,* 359 F.3d 1222, 1229 (10th Cir. 2004)).  An employee's claim of a causal connection due to close temporal proximity between the protected activity and an adverse employment action must be supported by a "nexus between the person(s) to whom she complained and the person who fired her." *Khalik v. United Air Lines,* 671 F.3d 1188, 1194 (10th Cir. 2012).

Ms. Manning has failed to show a causal connection between the protected activity (her complaint to Human Resources about the alleged discrimination) and the adverse employment action (her termination).  The Complaint does not contain any facts that allege that Harold Stuart, the person to whom Ms. Manning allegedly made her complaints, was involved in the decision to terminate her employment, or that the individual(s) who terminated her employment even knew of her complaint to Mr. Stuart.  Ms. Manning has failed to allege sufficient facts to support an adequate causal connection based upon temporal proximity.

Ms. Manning asserts that she has alleged facts sufficient to support a causal connection through an inference of motive by referencing an incident where a Walmart associate delivered wood to Ms. Manning's home, and later complained to store management about having to do it, causing her to be fired. Ms. Manning states that for store management to fire a supervisor based on a false report from a subordinate may raise an issue of fact as to pretext which may then support an inference of a retaliatory motive. She states that this wood incident is "sufficient to support an inference that Plaintiff's disability was the reason for her termination." Complaint, ¶ 65. Ms. Manning does not, however, provide an explanation as to how the wood incident relates to her disability or to any alleged retaliation by WalMart. For all these reasons, the Court hereby dismisses Ms. Manning's claim of retaliation.

## IV. CONCLUSION

Ms. Manning does not oppose dismissal of two of her claims: (1) her claim for discrimination on the basis of age, and (2) her claim for disability discrimination as it relates to the termination of her employment. These claims are therefore dismissed with prejudice. As to the remaining claims, the Court finds that the Complaint fails to adequately allege sufficient facts to establish a plausible cause of action for failure to afford reasonable accommodation, for gender discrimination, or for retaliation. Ms. Manning's claims are all dismissed with prejudice. SO ORDERED.

DATED this 27th day of January, 2016.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT